IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JUVANA M. KILBY,            )
                            )
         Plaintiff,         )
                            )
v.                          )   Case No. CIV-11-035-KEW
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social      )
Security Administration,    )
                            )
         Defendant.         )

## OPINION AND ORDER

Plaintiff Juvana M. Kilby (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 1, 1978 and was 21 years old at the time of the ALJ's decision.  Claimant completed her high school education and studied accounting in college for three semesters. Claimant has worked in the past as a short order cook, dispatcher, security guard, retail stock clerk, and elder care companion. Claimant alleges an inability to work beginning June 3, 2008 due to

limitations resulting from fibromyalgia and depression.

## Procedural History

On September 22, 2008, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On August 27, 2009, an administrative hearing was held before ALJ John W. Belcher in Tulsa, Oklahoma.  On October 5, 2009, the ALJ issued an unfavorable decision on Claimant's application.  On December 1, 2010, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) ignoring probative evidence which contradicted the ALJ's findings; (2) failing to fulfill his duty to properly develop the record; (3)

4

determining an RFC not supported by substantial evidence; and (4) formulating hypothetical questions for the vocational expert which did not include all of Claimant's impairments with precision.

### Consideration of the Evidence

Claimant contends the ALJ gave an incomplete recitation of the medical evidence in the record. In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma, depression, and obesity. (Tr. 11). He found Claimant retained the RFC to perform light work except that she could sit for 6 hours but must be able to change positions at will. She could do any balancing or climbing of ropes, ladders, or scaffolding, and was limited to no more than occasional bending or stooping, crouching, kneeling, crawling, or climbing stairs. She could not do any work driving or be required to be exposed to unprotected heights. She was limited to no more than occasional exposure hazardous or fast machinery, poor ventilation, or environmental contaminants such as fumes, odors, dusts, toxins, or gases. Claimant was also restricted to simple work related tasks and was not able to perform high production or quota work or rapid assembly line work. (Tr. 12). With the assistance of a vocational expert, the ALJ determined Claimant could perform the jobs of clerical mailer, trimmer, and sorter. (Tr. 15).

Claimant contends the ALJ found her depression was controlled by medication but failed to recite the evidence which indicates she continues to have problems with depression. Namely, Claimant was experiencing crying episodes and mood swings in March of 2008 (Tr. 217). Her depression was treated with medication. In June of 2008, Claimant was "doing well, when on medication" but that it makes her fatigued and she has extreme downs. She also had motivation to do things. (Tr. 215).

In July of 2008, Claimant reported her depression medication was not working and she was moody and cried easily. Claimant also noted she was in pain from her fibromyalgia. Claimant's medications were altered. (Tr. 213).

In September of 2008, Claimant reported Prozac was not helping her depression and she still had pain from fibromyalgia. Her medications were changed. (Tr. 211).

In October of 2008, Claimant showed no improvement with her fibromyalgia. Claimant's medications were changed. (Tr. 209-10).

Claimant's problems with ineffective medications treating her fibromyalgia through December of 2009. Claimant complained of fibromyalgia, severe headaches, depression, and insomnia. At every turn, new medications were prescribed. (Tr. 245-46, 255).

The problem with the ALJ's analysis is that he finds issues such as Claimant's depression resolved by medication but the medical

record indicates the medications prescribed were either only temporarily effective only to fail later or they caused side effects.  Thus, the impression is left through the ALJ's recitation of the medical record that the conditions no longer pose a significant limitation upon Claimant's ability to engage in substantial gainful activity which gives an incomplete picture of the severity of Claimant's limitations.  The ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  This Court does not suggest that he must discuss every piece of evidence. Wall v. Astrue, 561 F.3d 1048, 1067 (10th Cir. 2009).  Rather, he must discuss the probative evidence which contradicts his specific findings based on a partial recitation of the record.  On remand, the ALJ shall examine and evaluate the entirety of the medical record to ascertain the limitations Claimant's medical conditions impose upon her ability to work.

**Duty to Develop the Record**

Claimant also contends the ALJ should have ordered a consultative examination to evaluate Claimant's mental impairments and fibromyalgia.  The ALJ has a duty to fully and fairly develop the record as to material issues. Baca v. Dept. of Health & Human

7

Servs., 5 F.3d 476, 479-80 (10th Cir. 1993).  To serve that end, the ALJ has broad latitude in ordering consultative examinations. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997).  If a conflict in the medical evidence exists or if that evidence is inconclusive, a consultative examination may be required.  Id.

As for Claimant's mental condition, a Psychiatric Review Technique was completed by Dr. Ron Smallwood on December 8, 2008. He found Claimant's mental impairment was not severe, although she suffered from depression.  He found only mild restrictions in three functional areas.  (Tr. 227-39).  The ALJ fulfilled his obligation to develop the record on this issue.

With regard to Claimant's physical condition, Drs. Thurma Fiegel and Luther Woodcock evaluated Claimant's medical record. They found Claimant's fibromyalgia to be non-severe and did not limit Claimant.  Both find, however, that Claimant's depression is well-controlled with medication.  (Tr. 241-42).  As stated, the medical record has developed further to indicate problems with Claimant's medications treating her depression. On remand, the ALJ shall re-evaluate whether a consultative examiner should be appointed to determine if Claimant's depression is controlled by medication or poses a severe impairment which limits Claimant's ability to work.

8

**RFC Determination**

Since the record as related by the ALJ is incomplete and further consultative examinations may be ordered, the ALJ shall re-evaluate his RFC determination after performing these tasks and examining the resulting record.

**Hypothetical Questions of Vocational Expert**

Claimant contends the ALJ did not include a limitation for high production or quota work or rapid assembly line work in his questioning of the vocational expert while including it in Claimant's RFC. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). On remand, the ALJ shall reformulate his hypothetical questioning of the vocational expert to precisely match his RFC determination.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE